# UNITED STATES DISTRICT COURT
## FOR THE
# EASTERN DISTRICT OF NEW YORK


**Douglas C Palmer**
Clerk of Court

**Brenna Mahoney**
Chief Deputy

**Carol McMahon**
Chief Deputy






**Theodore Roosevelt Federal Courthouse**
**Emanuel Cellar Federal Courthouse**
225 Cadman Plaza East
Brooklyn, NY 11201
(718) 613-2270

**Alfonse D'Amato Federal Courthouse**
100 Federal Plaza
Central Islip, NY 11722
(631)712-6000
Pro Se: (631)712-6060


Date: 5/29/19
Re: 19-CV-2307 (JS)

Dear *pro se* litigant:

The enclosed documents is being returned without docketing or consideration for the following reason(s):

( ) The docket number and/or judges' initials are incorrect or missing.

( ✓) Your signature is required on all papers filed with the Court. Please sign wherever an "X" appears.

( ) These papers appear to be intended for another court or agency.

( ) Papers cannot be filed without indicating that they have been served on all parties in your action, or their attorneys. This office ***will not*** forward copies of your papers to other parties or their counsel. An affirmation of service form is enclosed.

( ) Your papers do not meet the minimum requirements for:
- ( ) Legibility: please type or print clearly.
- ( ) Language: only English is acceptable.
- ( ) Form or Content: See forms/instructions enclosed.
- ( ) Please indicate the documents you served on your affirmation of service.
- ( ) Other:

( ) This Court will only accept papers on 81/2 by 11 paper. Note that this does not include exhibits.

( ) Pursuant to Local Civil Rule 5.1, discovery materials are not filed with the Court except by Order of the Court.

( ) Your Notice of Appeal has been processed, and your case is closed. Your papers should be directed to:

United States Court of Appeals for the Second Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square, New York, NY 10007

( ) Our records indicate that you are represented by an attorney. As such, you may not file papers or communicate directly with the Court. Please refer this matter to your attorney.

( ) The Court cannot act on your submission(s). To the extent that it is your intent to start a new action, or to file a motion, please request the appropriate form(s) from our website or from our office.

( ✓) Other:
the court cannot accept any unsigned papers.
A copy of the docket sheet is enclosed.

By: [signature]
J. Grady, Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2019 MAY 24 PM 3:29

In re:

JANET TINGLING,

Appellant,

CASE NO. 2-cv-02307-JS

Chapter 7

JANET TINGLING,

Appellant,

v.

UNITED STATES DEPARTMENT OF EDUCATION, AMERICAN EDUCATION SERVICES, GREAT LAKES EDUCATIONAL LOAN SERVICES, NELNET, INC. and NAVIENT CORPORATION,

Appellees.

ADV. PRO. NO. 16-08113-AST

RECEIVED
MAY 28 2019
EDNY PRO SE OFFICE

**OBJECTION OF APPELLANT TO ECMC AND UNITED STATES DEPARTMENT OF EDUCATION REQUESTS FOR EXTENSION TO SUBMIT BRIEF**

TO: Honorable Joanna Seybert,
United States District Judge
100 Federal Plaza
Central Islip, New York 11722

Dear Judge Seybert,

Janet Tingling, acting as pro se in referenced chapter 7 adversary case relating to appeal from final judgment objects to the request of Educational Credit Management Corporation (ECMC) represented by Mr. Kenneth Baum, and the United States Department of Education (DOE) represented by Ms. Mary Dickman for extension of time to produce brief.

(i) On April 19, 2019, Appellant filed a notice of appeal and certificate of service in accordance with the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") which

mandates that a notice of appeal must be filed within **14 days** of the entry of the order being appealed along with designated documents including **brief**.

(ii) ECMC defendant Mr. Baum failed to advise the court that appellant **docketed brief** filed on **April 26, 2019,** with the District court was served on ECMC defendant Mr. Baum, and DOE defendant Ms. Dickman via email on **May 9, 2019**. Therefore, appellant did indeed serve documents in pursuant of Fed. R. Bankr. P. 8018(a)(1). Notification of filing and a **copy of brief** was sent via email to both ECMC (Mr. Baum) and DOE (Ms. Dickman), but they **both failed to respond**.

(iii) On **May 17, 2019**, ECMC defendant requested an extension via email but I offered no response because for the past 2-year both ECMC and DOE defendants took advantage of the privileges bestowed by judicial system by calling/writing to the Judge's chambers for extension **even without** the consent of Appellant (See, Exhibits 9 & 10) until approval was granted. Unfortunately, the bankruptcy court never challenged the above-mentioned defendants' actions, which was prejudicial towards plaintiff. As a result, ECMC and DOE as now morphed their inexcusable behavior over to the district court of appeals.

(iv) On May 20, 2019, DOE defendant Ms. Dickman, exercised her trademark pattern of tardiness by joining ECMC defendant Mr. Baum request for an extension via email, which was solidified by the District Court notice filed by Mr. Baum (See, Dkt#5).

(v) DOE defendant Ms. Mary Dickman, filed her countered designation with the court (See, Dkt#85) and notified ECMC defendant Mr. Baum (See, Dkt#5), but **willfully failed to serve pro se a copy of all docketed items up-to-date.**

(vi) Paragraph **five** of ECMC defendant Mr. Baum letter filed in District Court (Dkt#5), showed that defendants had prior knowledge that brief was filed but failed to believe it

would trigger the 30-day response time, which is an **inexcusable** form of negligence. As pro se, if I am held accountable for document request timelines by the court, defendants who are seasoned attorneys should be more cognizant of district courts deadline dates/rules, hence; their request for an extension is inexcusable and should not be granted.

(vii) Both ECMC and DOE defendants failed to provide the court with the **verifiable** burden of proof to show just cause for an extension, by listing **impending cases** and **deadline dates** that will make it impractical for them to prepare within the time ordered by the court.

(viii) A **2-month** extension is inexcusable because defendants are familiar with the case for the past 2-years and replying to appellant's brief does not require drawing from any case records that would be deemed voluminous. Therefore, I reject ECMC and DOE request for an extension.

WHEREFORE, Appellant respectfully requests that this Court enter an order denying the ECMC and DOE joint requests for an extension and grant Appellant such other and further relief as this Court deems just and proper.

Dated: May 24, 2019

Respectfully
Janet Tingling (Appellant)
60 Carnegie Ave
Elmont New York 11003

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 28 2019 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re:

JANET TINGLING,

Appellant,

CASE NO. 2: 19-cv-02307-JS

Chapter 7

JANET TINGLING,

Appellant,

v.

UNITED STATES DEPARTMENT OF EDUCATION, AMERICAN EDUCATION SERVICES, GREAT LAKES EDUCATIONAL LOAN SERVICES, NELNET, INC. and NAVIENT CORPORATION,

Appellees.

ADV. PRO. NO. 16-08113-AST

**OBJECTION OF APPELLANT TO ECMC AND UNITED STATES DEPARTMENT OF EDUCATION REQUESTS FOR EXTENSION TO SUBMIT BRIEF**

TO: Honorable Joanna Seybert,
United States District Judge
100 Federal Plaza
Central Islip, New York 11722

Dear Judge Seybert,

Janet Tingling, acting as pro se in referenced chapter 7 adversary case relating to appeal from final judgment objects to the request of Educational Credit Management Corporation (ECMC) represented by Mr. Kenneth Baum, and the United States Department of Education (DOE) represented by Ms. Mary Dickman for extension of time to produce brief.

(i) On April 19, 2019, Appellant filed a notice of appeal and certificate of service in accordance with the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") which

mandates that a notice of appeal must be filed within **14 days** of the entry of the order being appealed along with designated documents including **brief**.

(ii) ECMC defendant Mr. Baum failed to advise the court that appellant **docketed brief** filed on **April 26, 2019,** with the District court was served on ECMC defendant Mr. Baum, and DOE defendant Ms. Dickman via email on **May 9, 2019**. Therefore, appellant did indeed serve documents in pursuant of Fed. R. Bankr. P. 8018(a)(1). Notification of filing and a **copy of brief** was sent via email to both ECMC (Mr. Baum) and DOE (Ms. Dickman), but they **both failed to respond**.

(iii) On **May 17, 2019**, ECMC defendant requested an extension via email but I offered no response because for the past 2-year both ECMC and DOE defendants took advantage of the privileges bestowed by judicial system by calling/writing to the Judge's chambers for extension **even without** the consent of Appellant (See, Exhibits 9 & 10) until approval was granted. Unfortunately, the bankruptcy court never challenged the above-mentioned defendants' actions, which was prejudicial towards plaintiff. As a result, ECMC and DOE as now morphed their inexcusable behavior over to the district court of appeals.

(iv) On May 20, 2019, DOE defendant Ms. Dickman, exercised her trademark pattern of tardiness by joining ECMC defendant Mr. Baum request for an extension via email, which was solidified by the District Court notice filed by Mr. Baum (See, Dkt#5).

(v) DOE defendant Ms. Mary Dickman, filed her countered designation with the court (See, Dkt#85) and notified ECMC defendant Mr. Baum (See, Dkt#5), but **willfully failed to serve pro se a copy of all docketed items up-to-date.**

(vi) Paragraph **five** of ECMC defendant Mr. Baum letter filed in District Court (Dkt#5), showed that defendants had prior knowledge that brief was filed but failed to believe it

would trigger the 30-day response time, which is an **inexcusable** form of negligence. As pro se, if I am held accountable for document request timelines by the court, defendants who are seasoned attorneys should be more cognizant of district courts deadline dates/rules, hence; their request for an extension is inexcusable and should not be granted.

(vii) Both ECMC and DOE defendants failed to provide the court with the **verifiable** burden of proof to show just cause for an extension, by listing **impending cases** and **deadline dates** that will make it impractical for them to prepare within the time ordered by the court.

(viii) **Over a month** extension is inexcusable because defendants are familiar with the case for the past 2-years and replying to appellant's brief does not require drawing from any case records that would be deemed voluminous. Therefore, I reject ECMC and DOE request for an extension.

WHEREFORE, Appellant respectfully requests that this Court enter an order denying the ECMC and DOE joint requests for an extension and grant Appellant such other and further relief as this Court deems just and proper.

Dated: May 24, 2019

Respectfully
Janet Tingling (Appellant)
60 Carnegie Ave
Elmont New York 11003

UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>JANET TINGLING<br>Appellant. | CASE NO. 2:19-cv-2307-JS<br>Chapter 7 |
| JANET TINGLING,<br>Appellant,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, AMERICAN EDUCATION SERVICES, GREAT LAKES EDUCATIONAL LOAN SERVICES, NELNET, INC. and NAVIENT CORPORATION<br>Appellee. | Adv. No. 16-08113-AST<br>Chapter 7 |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 28 2019 ★
LONG ISLAND OFFICE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 24, 2019 , a copy of
(Date of Service/Mailing)

Janet Tingling vs United States Department of Education et al. ,
(Title of Document(s) served)

was deposited in an enclosed, properly addressed postage-paid envelope, and served by

U.S. Postal Mail and Email
(Method of Delivery, e.g., Federal Express Overnight, U.S. Post Office Priority Mail.....)

upon the following ***[below specify the name and mailing address of each party served]***:

Dated: 5/24/2018

By: Janet Tingling

Janet Tingling, Plaintiff *pro se*
60 Carnegie Avenue
Elmont, NY 11003
jting3143@aol.com

Kenneth L. Baum
167 Main Street Hackensack, NJ 07601
(201) 853-3030
(201) 584-0297 Facsimile
kbaum@kenbaumdebtsolutions.com

Mary M. Dickman
610 Federal Plaza, 5th Floor
Central Islip, NY 11722
(631) 715-7863
mary.dickman@usdoj.gov

PRESS FIRMLY TO SEAL PRESS FIRMLY TO SEAL




FRANKLIN SQ
11010
MAY 25, 19
AMOUNT
$25.50
R2304M111136-01
1007 11722

# PRIORITY ★ MAIL EXPRESS

OUR FAST...



EL329509274US

DOMESTIC AND INTERNATIONAL USE



UNITED STATES POSTAL SERVICE® | PRIORITY ★ MAIL ★ EXPRESS™

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ MAY 28 2019 ★
LONG ISLAND OFFICE

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

1A 1B

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE ( )

PAYMENT BY ACCOUNT (if applicable)

DELIVERY OPTIONS (Customer Use Only)

☑ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
- ☐ No Saturday Delivery (delivered next business day)
- ☐ Sunday/Holiday Delivery Required (additional fee, where available*)
- ☐ 10:30 AM Delivery Required (additional fee, where available*)
  *Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE ( )

Clerk U.S. District Court ...

ZIP + 4® (U.S. ADDRESSES ONLY)

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day ☐ 2-Day ☐ Military ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage | |
|---|---|---|---|
| 11010 | 5/28/19 | $ 25.50 | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
| 5/25/19 | ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | $ | $ |
| Time Accepted | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
| ☐ AM ☐ PM | $ | $ | $ |
| Weight ☒ Flat Rate | Sunday/Holiday Premium Fee | Total Postage & Fees | |
| lbs. ozs. | $ | $ 25.50 | |
| | Acceptance Employee Initials | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐ AM ☐ PM | |

LABEL 11-B, SEPTEMBER 2015 PSN 7690-02-000-9996 3-ADDRESSEE COPY

International ...ils.

WHEN USED ... A CUSTO...D LABEL M...

EP13F July 2...



PS00001000006

# VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE





This envelope is made from post-consumer waste. Please recycle - again.

Janet Tingling
60 Carnegie Ave
Elmont NY 11003

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

MAY 28 2019 ☆

LONG ISLAND OFFICE

Clerk of U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722